# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-1548V**
**Filed: February 16, 2023**
PUBLISHED

|  |  |
|---|---|
| KEVIN KELLY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner<br><br><br>Myasthenia Gravis; Motion to<br>Redact Decision |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Lauren Kells, U.S. Department of Justice, Washington, DC, for respondent.*

### ORDER ON MOTION TO REDACT[1]

On November 18, 2016, petitioner, Kevin Kelly, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] alleging that his receipt of an influenza vaccine caused him to suffer diplopia, ptosis, and myasthenia gravis. (ECF No. 1.)  On October 18, 2022, a decision issued dismissing the petition. (ECF No. 59.)  Petitioner now moves to redact that decision and case caption. For the reasons discussed below, petitioner's motion is **DENIED**.

### I.      Legal Standard

Vaccine Rule 18(b) effectuates the opportunity for objection contemplated by Section 12(d)(4) of the Vaccine Act, which provides in relevant part that "[a] decision of a special master or the court in a proceeding shall be disclosed, except that if the

---

[1] Because this order contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the order will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] All references to "§ 300aa" below refer to the relevant section of the Vaccine Act at 42 U.S.C. § 300aa-1-34.

decision is to include information . . . (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy, and if the person who submitted such information objects to such information in the decision, the decision shall be disclosed without such information. § 300aa-12(d)(4)(B). The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act. There are, instead, two competing methods of interpretation endorsed by different decisions in the lower courts. *See Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011).

In *Langland*, the Chief Special Master examined a redaction request pursuant to Section 12(d)(4)(B) in the context of the common law traditions regarding redaction and public access, the E-Government Act, and other provisions of the Vaccine Act favoring public disclosure. 2011 WL 802695, at *6-8. The Chief Special Master concluded that "the party seeking to seal a document faces a burden to show particularized harm outweighing the public interest in disclosure. This common law background informs the correct construction of the language in section 12(d)(4)(B)(ii), and militates against routine redaction of all sensitive medical information from special masters' decisions." *Id*. at *8. Upon review of the redaction request at issue, the Chief Special Master concluded that the request was unsupported and only a redaction of the petitioner's minor child's name to initials and redaction of the child's birthdate was appropriate. *Id*. at * 11.

However, the Chief Special Master also observed that:

One may readily conceive of medical information in a vaccine case that might be redacted by a special master, upon receiving a proper motion in accordance with Vaccine Rule 18(b), as meeting the 'clearly unwarranted' criterion. Facts involving sexual misconduct or dysfunction, family medical history not pertinent to the vaccinee's claim, unrelated mental illness, or medical conditions inherently likely to bring opprobrium upon the sufferer, might well be redacted upon a proper motion. Such redaction decisions can only be reached on a case-by-case basis.

*Id*. at *9.

Subsequently, in *W.C.*, the Court of Federal Claims reviewed a redaction request in the context of the Freedom of Information Act (FOIA), which the court observed to employ language similar to Section 12(d)(4)(B) of the Vaccine Act. 100 Fed. Cl. 440. As in *Langland*, the court focused on the idea that petitioner's request "must be weighed against the government's interest in public disclosure." *Id*. at 461. However, narrowing discussion specifically on the identity of the petitioner, the court observed that it is petitioner's medical history and adverse vaccine reaction, and not petitioner's own specific identity, that the public has an interest in seeing disclosed. *Id*. *W.C.* has been interpreted as providing a more lenient standard for redaction as compared to *Langland*. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*,123 Fed. Cl. 497, 507 (2015) (noting

that the Special Master below "argued that even when a Special Master follows the lenient standard for redaction set forth in *W.C.*, requests for redaction have been denied because they failed to substantiate the basis for the request.")  Nonetheless, special masters do not abuse their discretion by requiring petitioners to affirmatively demonstrate that redaction is justified.  *Id*. at 507-08 (finding that the special master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior precedent and explaining that "[e]ach Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case.")

## II.      Party Contentions

In his motion, petitioner stresses the above-discussed *W.C.* standard for redaction.  (ECF No. 62, p. 2-3.)  Petitioner contends that "[a] simple internet search of petitioner's name will retrieve this Court's Ruling on Entitlement,[3] which will be published to the Court's website."  (*Id.* at 3-4.)  Citing his own profession as sensitive, he "is concerned about inaccurate perceptions of his position on vaccination if his name appears in the context of a Vaccine Program proceeding, which could adversely impact his practice and professional relationships . . . ."  (*Id.* at 4.)  Petitioner expressed concern that having his name associated with his proceeding could impact his relationship with his current employer and limit his prospects for future employment.  (*Id*.)  Petitioner requests that the decision and case caption be redacted to reflect only his initials.  (*Id*.)

In response to petitioner's motion, respondent provided a recitation of the relevant case law, namely a comparison of the above-discussed *Langland* and *W.C.* cases.  (ECF No. 63, pp. 1-4.)  However, citing the language of the Vaccine Act indicating that decision of special masters "shall be disclosed" (§ 300aa-12(d)(4)(B)), respondent stresses that "when petitioners file petitions requesting compensation under the Act, they do so with knowledge that the Act calls for decisions addressing the merits of the petitions, which will necessarily contain their medical information and will be made available to the public."  (*Id*. at 4.)  Respondent continues:

> Congress's requirement that decisions of special masters 'shall be disclosed' is evidence that Congress recognized the public's interest in understanding the bases for the special masters' adjudication of the merits of these claims. Respondent likewise acknowledges that there is a privacy interest inherent in all medical information. Yet, the Vaccine Act's use of the term 'clearly unwarranted invasion of privacy' to define which information is suitable for redaction requires a petitioner to show some additional privacy interest to justify redaction of a decision. Without such a showing, redaction is not appropriate.

(*Id*.)

---

[3] Actually, the document at issue is styled as a "Decision on Entitlement." (ECF No. 59.)

Nonetheless, respondent "defers to the sound discretion of the Special Master to determine which remedy strikes the appropriate balance between the public and private interests in this instance." (*Id*. at 5.)  "Respondent does not believe it is appropriate to advocate in favor of disclosure of petitioner's information in any particular case, including this one, but rather defers to the Special Master's judgment as to whether petitioner's Motion should be granted . . . . " (*Id*.)  Respondent does contend, however, that "[t]here is also a significant Program interest in not having every case caption reduced to initials. This would make the administration of the Program unmanageable, because the parties and Court rely on citing precedent that is readily accessible and suitably differentiated from other cases in briefing and arguments."  (*Id*. at 4.)

Petitioner filed no reply.

### III.    Discussion

Although the decision at issue contains an extensive discussion of petitioner's prior medical history, it does not include any inherently sensitive subject of the type discussed by *Langland, supra*.  Nor does petitioner advance any argument that the details of his own medical history support his redaction request.  Instead, petitioner's motion is based solely on the idea that his name will be publicly associated with the fact of his claim within the Vaccine Program and that this will have an adverse impact on how he is perceived.  Absent special circumstances of some kind, I do not find that this type of blanket fear rises to the level of a clearly unwarranted invasion of privacy.  There are several reasons why this is not persuasive as a basis for redaction, even the more limited type of redaction favored by *W.C., supra*.

First, the premise of petitioner's motion is based merely on the potential for misunderstanding.  This compensation program is part of a broader statutory effort designed to "achieve optimal prevention of human infectious diseases through immunization and to achieve optimal prevention against adverse reactions to vaccines." §300aa-1.  Thus, it would not be accurate to characterize this program as "anti-vaccine." Therefore, petitioner's rationale for redaction is premised on speculation that some individuals may misperceive the program.  Petitioner has not produced any evidence to support his fear of this misperception either from his own social circle, community, or even by the public writ large.  Moreover, even granting *arguendo* that some could misperceive the program generally, petitioner is unpersuasive with regard to his specific fear that people will have "inaccurate perceptions of his position on vaccination."  The decision at issue says nothing of petitioner's beliefs beyond the fact that he alleged his own condition to have been vaccine-caused.  Assuming this petition was brought in good faith, then this is accurate as far as it goes.  Petitioner's suggestion that others may read further into his beliefs beyond what appears on the page is speculative.

Respondent is also persuasive in noting that the type of disclosure petitioner wishes to avoid is an expected part of this program's petition process.  It therefore does not in itself constitute a "clearly unwarranted" invasion of petitioner's privacy.  *Compare Clark v. Sec'y of Health & Human Servs*., No. 18-813V, 2022 WL 3009557, at *3 (Fed.

Cl. Spec. Mstr. July 1, 2022) (denying redaction where "the fact that [petitioner's] identity is linked to a decision discussing the merits of this case does not justify redaction without more") *with, A.T. v. Sec'y of Health & Human Servs.,* No. 16-393V, 2022 WL 819583, at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2022) (granting redaction where petitioner, *inter alia*, persuasively explained that "given her age, life stage, and the nature of the medical condition at issue, disclosure of her condition is especially likely to hamper her future prospects.")  This case did not involve any unusual, delicate, or inflammatory allegations.  Petitioner alleged that he suffered onset of an autoimmune condition temporally proximate to his vaccination, a commonplace type of allegation in this program.  If the nature of this petitioner's allegations were sufficient to warrant redaction, then virtually every case would have its caption redacted.  Even accepting broadly that petitioner's profession is one that relies on the public's trust, it is not at all apparent from petitioner's motion that his profession in any way involves vaccinations. He makes no assertion that he administers vaccinations in his professional capacity nor that he is in any way expected to recommend or otherwise be an authority on vaccines. Thus, there is no special circumstance specific to petitioner's profession that might suggest his position is unusually sensitive with regard to how he is perceived on this subject matter.

Finally, petitioner likely overestimates the practical effect that his requested redaction will have, leaving the request far less compelling.  It must be noted that a quick internet search of petitioner's name generates results relative to a multitude of *different* individuals.  Further to that, the decision at issue does not include personal details beyond petitioner's treatment history for the alleged condition nor does it confirm his geographic location, though several physicians are referenced by name.  Thus, the concern that petitioner's acquaintances will search for information about him, pick out this case from among all the information available regarding all the individuals with petitioner name, and specifically connect the decision to him based on a close reading of the details within the decision, is potentially remote.  Moreover, even if I granted the relief requested, petitioner's full name will still appear in the Federal Register as having filed this petition in the program. §300aa-12(b)(2).  Thus, a sufficiently motivated individual would still be able to link petitioner's name to the decision.  Given these factors, the practical benefits of redaction are not robust, and this should be further weighed against the interest cited by respondent with respect to maintaining manageable case captions. *Accord Clark, supra,* (including the effectiveness of proposed redactions and the Court's interest in unredacted case captions in an overall balancing of factors); *see also Demitor v. Sec'y of Health & Human Servs.,* No. 17-564V, 2020 WL 8771124 (Fed. Cl. Spec Mstr. Dec. 4, 2020) (denying motion to redact where a prior published decision already linked petitioner to the case).  In any event, absent demonstration of a clearly unwarranted invasion of privacy as contemplated by the Vaccine Act and Vaccine Rules, it is not the undersigned's role to become involved in the ordinary management of petitioner's online presence.

**IV.**     **Conclusion**

There can be no question that publication of the decision at issue constitutes some intrusion into petitioner's privacy.  The question to be resolved, however, is whether that intrusion is "clearly unwarranted."  In that regard, petitioner's motion has completely failed to provide any reasonable justification for redaction consistent with the above-discussed legal standard.  While I sympathize with petitioner's desire for privacy, he has failed to substantiate that a balancing of the relevant considerations counsels any redactions to the decision dismissing his petition.

In light of all of the above, petitioner's motion is **DENIED**.  Publication of the decision at issue will be held until the time for the filing of any motion for review has passed.

**IT IS SO ORDERED.**


                                                            **s/Daniel T. Horner**
                                                            Daniel T. Horner
                                                            Special Master